BETTY J. WILLIAMS
LAW OFFICE OF WILLIAMS & ASSOCIATES, PC
3600 American River Drive, Suite 135
Sacramento, California 95864
Telephone: (916) 488-8501
Facsimile: (916) 488-8196
E-mail: Betty@WilliamsTaxLaw.com

Attorney for Defendant
BRANDON GOUR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:25-CR-00274 WBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MOTION FOR FUNDS FOR TRAVEL AND SUBSISTENCE and ORDER** |
| BRANDON GOUR, | ) ) ) | |
| Defendant. | ) ) ) ) ) | Date:  May 11, 2026<br>Time:  10:00 a.m.<br>Judge:  Hon. William B. Shubb |

Brandon Gour moves the Court for an order directing the United States to furnish funds for travel and subsistence for the initial appearance and Change of Plea Hearing, both of which occurred on February 2, 2026, and at which his presence was required.  Mr. Gour specifically requests funds for travel and subsistence from Sunday, February 1, 2026, through Monday, February 2, 2026, and for his Sentencing Hearing for which his presence is also required and is currently scheduled for May 11, 2026.  Mr. Gour is 41 years old, and lives in Largo, Florida; he has no prior record. He is unable to pay for travel to California including his recent trip to California to appear for his two court appearances and to be processed at the Marshall's office, all on February 2, 2026. Mr. Gour had to borrow funds to pay for his flight and hotel room for one night. Mr. Gour is represented by appointed counsel.

## 1. Factual and Procedural Background.

From February 9, 2020 through September 4, 2021 (the benefits period), Mr. Gour was living in California. From August 2020 through October 2020, he applied for unemployment benefits from the California Unemployment Development Department (EDD) which, at that time, included a stimulus benefit due to the COVID-19 pandemic. According to the EDD, the government benefits Mr. Gour received for the benefits period totaled $76,256, however he was only entitled to $60,056 and he fraudulently defrauded the EDD and the USA out of $16,200 in benefits, for which he took out a loan to repay this amount in February 2026 and deposited the funds with the Court.

Mr. Gour entered into a Plea Agreement with the United States and through the efforts of the Court, counsel, and Mr. Gour, we judiciously utilized Mr. Gour's time in California on February 2, 2026 by having him make his first appearance before Magistrate Judge Kim in the morning, followed by his Change of Plea hearing before Senior Judge Shubb in the late morning, and then going to the Marshall's office for processing in the afternoon.

Mr. Gour did not have funds to pay for his travel to California and so he borrowed the funds from his fiancé, including the reasonable cost of an airline ticket, and one night of hotel. The airline ticket was not a direct flight, and in fact had a lengthy on the flights to and from California, however it was the least expensive flight available, and was a reasonable price.

It is anticipated that Mr. Gour at least one more time to California for his sentencing hearing, currently scheduled for May 11, 2026.

## 2. Authority for Funds.

The Court has authority to order funds for transportation and subsistence for defendants who are ordered released "on a condition of . . . subsequent appearance before that Court" or of any other federal court "when the interests of justice would be served thereby . . . ." 18 U.S.C. § 4285. The full statute provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in

Motion for Travel Funds and Order      -2-      2:25-CR-00247 WBS

which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

I understand that the Magistrate Judges of this Court agree that the clear intent of the statute is to assure that defendants have some means of attending Court when required and of having food, shelter, and a shower when they appear in Court.

Other Courts have found authority to order funds through Pretrial Services.  Under 18 U.S.C. § 3154, "Pretrial Services functions shall include the following":

Operate or contract for the operation of appropriate facilities for the custody or care of persons released under this chapter including residential halfway houses, addict and alcoholic treatment centers, and counseling services, and contract with any appropriate public or private agency or person, or expend funds, to monitor and provide treatment as well as *nontreatment services* to any such persons released in the community, *including equipment and emergency housing*, corrective and preventative guidance and training, and other services reasonably deemed necessary to protect the public and ensure that such persons appear in court as required.

18 U.S.C. § 3154(4)(emphasis added).  In *United States v. Gundersen,* 978 F.2d 580, 584 (10th Cir. 1992), the Court found this provision to provide the mechanism to pay for lodging and subsistence.

In *United States v. Mendoza,* 734 F. Supp. 2d 281, 286-87, (E.D.N.Y. 2010), the Court found that the Criminal Justice Act, 18 U.S.C. §3006A, provided the appropriate funding mechanism.  Defense counsel is willing to advance necessary funds to Mr. Gour for flight, lodging and subsistence for his sentencing hearing if the Court will authorize reimbursement under the C.J.A.

Motion for Travel Funds and Order                                                    -3-                                          2:25-CR-00247 WBS

Finally, the basic fairness inherent in the Due Process Clause of the Fifth Amendment to the U.S. Constitution warrants assuring that Mr. Gour is able to appear at his mandatory Sentencing Hearing which requires a round-trip flight from Texas, and one night of lodging.

Accordingly, Mr. Gour asks the Court to order funds for Mr. Gour's travel to Court and for subsistence from Sunday, February 1, 2026, to Monday, February 2, 2026, and again for one night at the time of his Sentencing hearing, scheduled for May 11, 2026, and for any other Court appearance to which Mr. Gour has a right to attend.

Respectfully Submitted,

Dated:  February 4, 2026

*/s/ Betty J. Williams*
BETTY J. WILLIAMS
Attorney for BRANDON GOUR

**IT IS SO ORDERED.**

Dated:  February 5, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Motion for Travel Funds and Order

-4-

2:25-CR-00247 WBS